James P. Gutierrez, Esq. (SBN 240439)
**Gutierrez Law Firm**
301 W. Mission Blvd., Suite 8
Pomona, California 91766
(909) 791-1313 / (909) 791-1314 fax
jpsglaw@gmail.com

Attorneys for Plaintiff,
Eric Manldonado

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC MALDONADO,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN BERNARDINO; SAN BERNARDINO POLICE DEPARTMENT; SAN BERNARDINO POLICE OFFICER DOES 1 through 10, STATE OF CALIFORNIA; and the CALIFORNIA HIGHWAY PATROL OFFICER DOES 1 through 10, inclusive.<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Unlawful Seizure Of Person (U.S. Const. Amend. 4);<br>2. Excessive / Unreasonable Force (U.S. Const. Amend. 4);<br>3. Deliberate Fabrication Of Evidence (U.S. Const. Amend 14.)<br>4. Violation Of Fourth And Fourteenth Amendments – Malicious Prosecution;<br>5. Municipal Liability (*Monell* Liability) For Failure To Train And/Or Discipline Deputies And Officers (U.S. Const. Amends. 1, 4 & 14);<br>6. Municipal Liability (*Monell* Liability) For Custom / Practice / Policy (U.S. Const. Amends. 1, 4 & 14)<br>7. Violation of First Amendment – Right to Press<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW** Plaintiff Eric Maldonado and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the City of San Bernardino, State of California, within the territorial jurisdiction of this court, the venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff's claims are timely brought.

## GENERAL ALLEGATIONS

4. Plaintiff Eric Maldonado, hereinafter referred to as "MALDONADO" or "Plaintiff MALDONADO," is a natural person who, at all times complained of in this action, resided in the County of Los Angeles, State of California.

5. Defendant City of San Bernardino, hereinafter referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court. Defendant the State of California, hereinafter referred to as "STATE," in an incorporated state within the United States of America, within the territorial jurisdiction of this court.

6. Defendant San Bernardino Police Department, hereinafter also referred to as "S.B.P.D.", is a City of San Bernardino agency located in the State of California; within the territorial jurisdiction of this court.

7. Defendant California Highway Patrol, hereinafter also referred to as "CHP", is a State of California agency located in the State of California; within the territorial jurisdiction of this court.

8. Defendants SAN BERNARDINO POLICE OFFICER DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the San Bernardino Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9. Defendants CALIFORNIA HIGHWAY PATROL OFFICER DOES 1 through 10, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or dispatchers and/or some other public officer, public official or employee of defendant STATE and/or otherwise employed by the California Highway Patrol, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain

unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

10. At all times complained of herein, the SAN BERNARDINO POLICE OFFICER DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the San Bernardino Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

11. At all times complained of herein, the CALIFORNIA HIGHWAY PARTROL OFFICER DOES 1 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or agents and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the California Highway Patrol, and were acting in the course of and within the scope of their employment with defendant STATE.

12. Plaintiff is presently unaware of the identities of the SBPD and CHP DOES 1 through10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

13. In addition to the above and foregoing, Defendants San Bernardino Police Officer DOES 1 through 6, inclusive, acted pursuant to a conspiracy,

agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

14. In addition to the above and foregoing, Defendants CHP Officer DOES 1 through 10, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

15. Defendants San Bernardino Police Officer DOES 1 through 10, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein, all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

16. Defendants CHP Officer DOES 1 through 10, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein, all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

17. Said conspiracy/agreement / understanding / plan/scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation

of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(Against San Bernardino Police Officer DOES 1 through 10, and California Highway Partol Officer DOES 1 through 10, inclusive)**

18. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 17, inclusive, above, as if set forth in full herein.

19. On May 20, 2020, Plaintiff MALDONADO was arrested by the San Bernardino Police Department Officer DOES 1 through 10, inclusive, on the 10 (Ten) Freeway, in the County of Los Angeles, within the City of Pomona, California.

19. MALDONADO, who is a licensed independent journalist.

20. MALDONADO heard on the police scanner that there was a high-speed chase coming from the City of San Bernardino down the 10 (Ten) Freeway, heading towards the City of Los Angeles.

MALDONADO's colleague Tony Velasco drove MALDONADO onto the 10 (Ten) Freeway behind the police pursuit.

21. Tony Velasco and MALDONADO followed safely behind the pursuing SBPD and CHP. The suspect pulled over under the Fairplex Drive overpass on the 10 (Ten) Freeway in the City of Pomona, Los Angeles County. The pursuit ended abruptly.

22. MALDONADO and Tony Velasco exited the car. MALDONADO was filming live on Youtube, with his press pass was showing. Tony Velasco was recording the the scene with a shoulder video camera.

23. When MALDONADO and Tony Velasco arrived, an SBPD plain clothes officer standing 50 to 100 yards away pointed his had gun at them for a 15-20 seconds then turned around and moved out of camera view.

24. Within seconds of the plain clothed SBPD officer lowering his weapon, MALDONADO was struck from behind by two SBPD officers, screaming at he and Luis Velasco to leave. MALDONADO was struck several times on his back causing him to drop his equipment.

25. MALDONADO tried to tell the SBPD officers that he was the press. His press credentials were visible around his neck.

26. The SBPD kept screaming at MALDONADO, all the while striking his back and pushing him.

27. MALDONADO informed the SBPD officers that he needed to pick up all his equipment (phone, radios & body camera) that he dropped when they struck and pushed him.

28. The SBPD officer screamed at MALDONADO to leave again. MALDONADO requested to speak to their supervisor.

29. On of the SBPD officers advised MALDONADO to turn around because he was being arrested. MALDONADO was then arrested by two SBPD Officers.

30. While MALDONADO was being handcuffed the SBPD officers "man handled" him and told him to stop resisting. MALDONADO was complying the whole time.

31. MALDONADO was placed in the back of the SBPD patrol car.

32. Several minutes later a SBPD sergeant came to the patrol car where MALDONADO was being held and spoke to him. MALDONADO informed him that he was in pain.

34. MALDONADO's back was in excruciating pain and his wrists and hands were numb.

35. The sergeant said he would loosen MALDONADO's handcuffs soon and transport him to a hospital. A few minutes later, MALDONADO was pulled out of the patrol car by a SBPD officer. The SBPD officer loosened his handcuffs.

36. MALDONADO was placed back in the patrol car and taken to Arrowhead Medical Center in Colton. MALDONADO was seen by an E.R. doctor.

37. An X-Ray was performed on MALDONADO and it was found that his back was inflamed. He was given two different shots for pain.

38. MALDONADO was taken to the San Bernardino County Sheriff's Central Jail and booked. He was released on bail, on May 21, 2022.

When MALDONADO went to court in Los Angeles, he was informed by the L.A. County District Attorney that his matter was rejected.

39. As complained of herein above, none of the defendants to this action had a warrant for the plaintiff's arrest, nor probable cause to believe that the plaintiff had committed a crime, nor reasonable suspicion of criminality afoot by the plaintiff, or any suspicion that the plaintiff was a danger to anyone or anything.

40. Accordingly, the seizure of the plaintiff by SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive of threatened use of force, constituted an unlawful and unreasonable seizure of the plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

41. As a direct and proximate result of the actions of defendants SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally, and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

42. The actions by said defendants were committed maliciously, oppressively, and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them, save defendant CITY and STATE, in an amount to be proven at trial in excess of $3,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(SAN BERNARDINO POLICE OFFICER DOES 1 through 10, and CALIFORNIA HIGHWAY PATROL OFFICER DOES 1 through 10, inclusive)**

43. Plaintiff hereby realleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 42 inclusive, above, as if set forth in full herein.

44. As mentioned above and in addition to the above and foregoing, when MALDONADO was unlawfully arrested, he was physically tortured by SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive.

45. The actions of Defendants SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive, as complained above herein, constituted a violation of MALDONADO's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful, unreasonable, and excessive force upon his person.

46. As a direct and proximate result of the actions of Defendants SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive, MALDONADO was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost

wages and profits; all in an amount to be proven at trial; in excess of $2,000,000.00.

47. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively, and in reckless disregard of DOMINGUEZ's constitutional rights, sufficient for an award of punitive/exemplary damages against said defendants, save CITY and STATE, in an amount to be proven at trial, in excess of $3,000,000.00.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourteenth Amendment Rights -**
**Deliberate Fabrication of Evidence**
**(SAN BERNARDINO POLICE OFFICER DOES 1 through 10 and CALIFORNIA HIGHWAY PATROL DOES 1 through 10, inclusive)**

48. Plaintiff hereby realleges and incorporates by reference the Allegations set forth in paragraphs 1 through 47, inclusive, above, as if set forth in full herein.

49. SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive, deliberately fabricated evidence used to criminally charge and prosecute MALDONADO.

50. The reports authored by SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive, are littered with material misrepresentations. The reports allege that MALDONADO was not complying with the officers (something the defendants knew was not true) and that he committed code violations (something that the defendants knew was not true.) The reports were

ultimately submitted to the Los Angeles County District Attorney's Office and eventually rejected.

51. Defendants knew that they were misrepresenting the facts of this incident and were deliberately indifferent to the fact that their misrepresentations were relied upon during the potential prosecution of MALDONADO.

52. The SBPD DOES 1 through 10 and CHP DOES 1 through 10, inclusive, as Complained of herein, constituted a violation of MALDONADO's rights under the Fourteenth Amendment to the United States Constitution.

53. As a direct and proximate result of the actions of Defendants SBPD OFFICER DOES 1 through 10 and CHP DOES 1 through 10, inclusive, as complained of herein, MALDONADO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

54. The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively, and in reckless disregard of MALDONADO's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them, save for Defendant CITY and STATE, in an amount to be proven at trial, which is in excess of $3,000,000.00.

///

**FOURTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth And Fourteenth Amendment Right**
**(By SAN BERNARDINO OFFICER DOES 1 through 10 and CALIFORNIA HIGHWAY PATROL DOES 1 through 10, inclusive)**

55. Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 54, inclusive, above, as if set forth in full herein.

56. As shown above, SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive, falsely arrested plaintiff MALDONADO.

57. Also, as shown above, SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1THROUGH 10, inclusive, knew that plaintiff MALDONADO had not committed any crimes, and, nonetheless, authored bogus reports, intentionally testified untruthfully, and accused plaintiff MALDONADO of various acts to show that plaintiff had committed a crime.

58. Said reports and testimony by SBPD OFFICER DOES 1 through 10 and CHP OFFICER 1 through 10, inclusive, also contained material misrepresentations of facts and material omission of facts upon which the Los Angeles County District Attorney's Office relied, in large part, in deciding not to file against MALDONADO.

59. Moreover, the Los Angeles District Attorney rejected the criminal action against MALDONADO in his favor in a manner inconsistent with guilt.

60. Moreover, as shown above, none of said defendant officers had probable cause to believe that MALDONADO committed a crime.

61. Moreover, said criminal action was procured by said defendants with malice.

62. Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions of said defendants constituted a violation of the Fourth, Ninth and Fourteenth Amendments to the United States Constitution.

63. As a direct and proximate result of the actions of defendants SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of his real and personal property and 4) incurred other special and general damages and expenses, including attorney's fees and associated costs; all in an amount to be proven at trial which is in excess of $2=,000.000.00.

64. The actions of defendants SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive, as complained of herein, were committed maliciously, oppressively, and/or in reckless disregard of the plaintiff's constitutional rights, sufficient for an award of punitive exemplary damages against

all defendants, save for defendant COUNTY, in an amount to be proven at trial which is in excess of $3,000,000.00.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
**(Against Defendants CITY and STATE)**

63. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 62, inclusive, above, as if set forth in full herein.

64. As complained of herein above, the acts of Defendants SBPS OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10 deprived the plaintiff of his rights under the laws of the United States and The United States Constitution.

65. The training policies of CITY and STATE were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted the plaintiff, including training on: 1) when they are permitted to arrest persons; and 2) when they are permitted to use force against persons and the reasonable amount of force.

66. CITY and STATE was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

67. The failure of CITY and STATE to provide adequate training caused the deprivation of the plaintiff's rights by Defendants SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive.

68. CITY and STATE's failure to train is closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused plaintiff's injuries.

69. As a direct and proximate result of the actions of the CITY and STATES, complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees, and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $2,000,000.00.

**SIXTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or Custom**
**(Against Defendants CITY and STATE)**

70. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 69 inclusive above, as if set forth in full herein.

71. As shown above, the actions of Defendants SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive, deprived the plaintiff of his particular rights under the United States Constitution, as described above.

72. At all times complained of herein, Defendants SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive, were acting pursuant to the policies, customs, usages, and practices of the San Bernardino Police

Department/defendant CITY and the California Highway Patrol/defendant State: 1) for unlawfully arresting persons; 2) for using excessive force upon persons; and 3) for covering-up unlawful and tortious conduct by San Bernardino Police Department and the California Highway Patrol personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

73. Said actions of said defendants were done by them under the color of state law.

74. As a proximate result of said defendants acting pursuant to said policies, customs, usages, and practices of defendants CITY and STATE, above-described, said defendants committed said actions complained of above.

75. As a direct and proximate result of the actions of defendant CITY and STATE, as complained of herein, the plaintiff: 1) was substantially physically, mentally, and emotionally injured, and great physical, mental, and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $2,000,000.00.

**SIXTH CAUSE OF ACTION**
**[VIOLATION OF 1st Amendment of the United States Constitution]**
**Congress shall make no law … abridging the freedom of speech, or of the press; ....**
**(Against Defendant SAN BERNARDINO POLICE OFFICER DOES 1 THROUGH 10 and CALIFORNIA HIGHWAY PATROL)**

76. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 75 inclusive, above, as if set forth in full herein.

77. As shown above, the actions of Defendants SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive, deprived the plaintiff of his First Amendment rights under the United States Constitution as a news reporter and as described above.

78. At all times complained of herein, Defendants SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES, inclusive, were acting pursuant to the policies, customs, usages, and practices of the San Bernardino Police Department/defendant CITY and California Highway Patrol/defendant STATE: 1) for unlawfully arresting persons; 2) for using excessive force upon persons; and 3) for covering-up unlawful and tortious conduct by San Bernardino Police Department and California Highway Partol personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

79. Said actions of said defendants were done by them under the color of state law.

80. As a direct and proximate result of the actions of Defendants SBPD OFFICER DOES 1 through 10 and CHP OFFICER DOES 1 through 10, inclusive, as complained of herein, MALDONADO: 1) was substantially physically, mentally and emotionally injured; 2) incurred deprivation of plaintiff's right to exercise his

rights as a journalist and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

81. The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively, and in reckless disregard of MALDONADO's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial, which is in excess of $2,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $2,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $3,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

*/S/ James Gutierrez*___
JAMES GUTIERREZ